In the Matter of the ESTATE OF Clarence Elba BELL, Deceased.

**Mabel BELL, Plaintiff-Appellant,**

v.

**Erma KITT, Defendant-Respondent.**

No. 12596.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 28, 1982.

Richard D. Moore and Kenneth A. Wagoner, Moore, Brill & Wagoner, P.C., West Plains, for plaintiff-appellant.

No appearance, for defendant-respondent.

BILLINGS, Judge.

Plaintiff Mabel Bell, widow of Clarence Elba Bell, instituted proceedings in the probate division of circuit court for discovery of assets [§ 473.340, RSMo 1978] allegedly wrongfully withheld from her husband's estate by Erma Kitt and seeking determination of the title or right of possession of certain personal property. Because the judgment entered by the trial court failed to resolve issues raised by the parties, we have concluded the judgment lacks the necessary finality under Rule 74.01, V.A.M.R., for appellate review and dismiss plaintiff's appeal as premature and remand the cause to the trial court for further proceedings.

We initially note we have not been favored by briefs from either Erma Kitt or the Estate of Bell even though both participated in the trial in opposition to plaintiff's contentions that assets of the decedent were being withheld and transfers of property by Clarence Bell were in fraud of plaintiff's marital rights under § 474.150, RSMo 1978. The only answer filed was that of the estate and was in the form of a general denial.[1]

Plaintiff and Clarence married in 1932 and never divorced. Clarence left the family home in 1968 and shortly thereafter Erma Kitt began living with him. Clarence was a hog farmer and Erma, describing herself as a partner, assisted in the hog raising business. In August of 1978, Clarence was suffering from cancer. He had been in and out of the hospital and had been undergoing chemotherapy treatments for his illness. On August 23, 1978, Clarence executed a bill of sale to Erma for 25 sows, 1 boar, 2 cows, 5 calves, 7 gilts, hog barns, pickup rack and feed. Erma paid nothing for the property.[2]

On April 30, 1979, one day after Clarence executed his second and rejected will, Erma made out a check on Clarence's account with the Bank of Mountain View for the sum of $7000, payable to herself, which Clarence signed. Erma, describing the money as a "gift" from Clarence, cashed the check.[3] Clarence also had a certificate of deposit in his name for $2600, issued by the Mountain View Bank. Prior to his death, the record being silent as to the date, Clarence and Erma went to the bank and the certificate was put in her name. She also described this transfer as a "gift" from Clarence.

Plaintiff's petition alleged Clarence was the owner of livestock, hogs, equipment for raising hogs, household and kitchen furniture, and bank accounts and that title and possession was being withheld and claimed by Erma Kitt. Evidence was adduced concerning these items as well as various carpenter tools, rifles and shotguns in Erma's possession.

The judgment of the trial court found that the guns and tools were assets of the estate and that the $7000 was given to Erma Kitt "in appreciation of services rendered to decedent by defendant." The court ordered that *Mabel Bell* return the guns and all carpenter tools to the estate and that Erma Kitt keep the $7000. The judgment was silent as to all other personal property alleged to have been a part of Clarence's estate.

1. Clarence Elba Bell died May 23, 1979. Two wills, both prepared by the attorney now representing the estate, were offered for probate. One was dated April 28, 1979, and left all of his property in trust for three grandchildren. For reasons not appearing in the record, that instrument was rejected by the court and letters of administration were issued to plaintiff. Four days later a will dated November 19, 1974, was admitted to probate. This document left "all my real property and all of my interest in my farming business, including, but not limited to, the farm equipment, machinery, feed and livestock, to my housekeeper, Erma Kitt," and the residue to plaintiff. Plaintiff-widow renounced the will and elected to take against it under § 474.160, RSMo 1978. The inventory filed by the executor listed real property of the value of $30,000 and personal property of the value of $435.

2. The bill of sale was prepared by Erma's present attorney of record.

3. According to Erma there was a further sum of $9000 in Clarence's account which he transferred to his son.

Because the judgment entered by the lower court fails to dispose of all issues in the case, we dismiss the appeal as premature and remand the cause to the trial court for further proceedings.

It is so ordered.

MAUS, P.J., and PREWITT, J., concur.

HOGAN, J., recused.